**JOHN L. BURRIS ESQ., SBN 69888**
**BENJAMIN NISENBAUM, ESQ., SBN 222173**
**JAMES COOK, ESQ., SBN 300212**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD MILLER, individually and as a co-successor-in-interest to Decedent DONALD MILLER II; and NADEEN MILLER, individually and as a co-successor-in-interest to Decedent DONALD MILLER II, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MONTEREY, a municipal corporation; ZACHARY REED, individually and in his capacity as an officer for the Monterey Police Department; PAUL OELFKE, individually and in his capacity as an officer for the Monterey Police Department; KIM ZOOK, individually and in his capacity as an officer for the Monterey Police Department; BILL CLARK, individually and in his capacity as a lieutenant for the Monterey Police Department; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C §§ 1983, 1988; and pendent tort claims) <br><br> **JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES - 1

# INTRODUCTION

1. On October 6, 2015, Decedent DONALD MILLER II was shot to death after Defendant Officers Zachary Reed, Paul Oelfke, Kim Zook, and Bill Clark of the City of Monterey Police Department needlessly provoked a confrontation with Decedent with knowledge that Decedent was in the midst of a mental health emergency and posed no threat of harm.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent DONALD MILLER II, who died as a result of the unlawful use of force by the City of Monterey Police Department.

3. This action seeks to recover damages for the violation of rights personal to Decedent and the rights of his surviving successors-in-interest, Donald Miller and Nadeen Miller .

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). The unlawful acts and practices alleged herein occurred in Monterey California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

# PARTIES

5. Decedent, DONALD MILLER II was an individual residing in the State of California and a United States citizen. Decedent was unmarried to at the time of his intestate death and died without issue.

6. Plaintiff DONALD MILLER ("Plaintiff Donald Miller") is and was at all times herein mentioned the father of Decedent DONALD MILLER II and is a co- successor-in-interest to Decedent DONALD MILLER II.

7. Plaintiff NADEEN MILLER ("Plaintiff Nadeen Miller") is and was at all times herein mentioned the mother of Decedent DONALD MILLER II and is a co- successor-in-interest to Decedent DONALD MILLER II.

8. CITY OF MONTEREY ("City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the City of Monterey's Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant City was the employer of ZACHARY REED, PAUL OELFKE, KIM ZOOK, BILL CLARK, and DOES Defendants, individually and as a peace officers.

9. Defendant ZACHARY REED ("Reed"), was an officer for the City of Monterey Police Department, and is sued individually and in his official capacity.

10. Defendant PAUL OELFKE ("Oelfke"), was an officer for the City of Monterey Police Department, and is sued individually and in his official capacity.

11. Defendant KIM ZOOK ("Zook"), was an officer for the City of Monterey Police Department, and is sued individually and in an official capacity.

12. Defendant BILL CLARK ("Clark"), was a lieutenant for the City of Monterey Police Department, and is sued individually and in his official capacity.

13. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff s are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

14. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910. Plaintiffs filed a claim against the City of Monterey. The claim was rejected by the City of Monterey on May 21, 2016.

## FACTUAL ALLEGATIONS

15. Decedent DONALD MILLER II, a homeless man, suffered from paranoia and schizophrenia. On the date of the incident, October 6, 2015, Decedent DONALD MILLER II began to suffer from a mental health emergency.

16. At approximately 2:30 p.m., at or near the Indian Summers Hookah Bar and Grill located at 220 Oliver Street in Monterey California, Decedent DONALD MILLER II was carrying a non-functional replica gun. Decedent DONALD MILLER II was seen walking with the replica gun tucked in his waistband. Shortly thereafter, Defendant officers Reed, Oelfke, Zook, and Clark responded to the scene. When the officers arrived it was readily apparent that the replica gun on Decedent's waistband was not functional. Further, at the time, it was readily apparent that Decedent displayed obvious signs that he was in the midst of a mental health emergency. However, inexplicably, without cause or just provocation, Defendant Officer Reed relentlessly fired his service weapon at Decedent DONALD MILLER II, striking him seven times, including three shots to Decedent's back. Decedent DONALD MILLER II died immediately as a result of his injuries.

17. Plaintiffs allege that at the time Defendant Officer Reed drew his service weapon and shot decedent, there was no immediate exigency to do so.

18. Plaintiffs further allege that the Defendant Officer Reed shot Decedent an excessive number of times, including three shots to Decedent's back, while Decedent was seriously injured and posed no threat of harm to anyone.

19. Plaintiffs allege that Decedent DONALD MILLER II's death was the result of the excessive amount of force used by Defendant Officer Reed.

20. The actions and omissions of City and the Defendant MontereyPolice Department Officers were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City and/or other jurisdictions. City was also responsible for Plaintiffs' injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately

investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

21. Plaintiffs further allege that Decedent DONALD MILLER II's death was the proximate result of Defendant City's failure to reasonably train their law enforcement officers in the proper and reasonable use of force and the making of investigations. Plaintiffs further allege that these substantial failures reflect Defendant City's policies implicitly ratifying and/or authorizing the use of excessive force by its police officers and the failure to reasonably train police officers employed by Defendant City in the making of investigations.

22. The killing of Decedent DONALD MILLER II described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

23. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent DONALD MILLER II's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

24. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

25. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by decedent for deprivation without due process of decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. For Plaintiffs' Federal claims only, these damages include damages also incurred by decedent consisting of pain, suffering, and disfigurement prior to decedent's death.

26. As a further direct and proximate result of the negligence, excessive force and deliberate indifference of defendants, and each of them, Plaintiffs have been deprived of Decedent's financial support.

27. The conduct of the individual defendants was malicious, wanton, and oppressive. Plaintiffs, as decedent's successors-in-interest, are therefore entitled to an award of punitive damages against said individual defendants.

28. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988, and California Civil Code sections 52 and 52.1.

### FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution)**
**(42 U.S.C. § 1983- Survival Action)**
**(Plaintiffs Donald Miller and Nadeen Miller against Defendants Reed, Oelfke, Zook, Clark, and DOES 1-25)**

29. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 28 of this Complaint.

30. Defendants' above-described conduct constituted violations of decedent's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violations of Plaintiff's 14th Amendment Rights/ Right to Familial Relationship)**
**(42 U.S.C. § 1983)**
**(Plaintiffs Donald Miller and Nadeen Miller against Defendants Reed, Oelfke, Zook, Clark, and DOES 1-25)**

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 of this Complaint.

32. Defendants' conduct constituted acts under color of state law, and without due process of law, which deprived Plaintiffs of their right to a familial relationship. Defendants deprived Plaintiffs of these rights by use of unreasonable, unjustified and deadly use of force, causing injuries, which resulted in Decedent's death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (Plaintiffs Donald Miller and Nadeen Miller against Defendants City and DOES 26-50)

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of this Complaint.

34. Plaintiffs are informed and believe and thereon allege that high ranking City officials, including high ranking police supervisors, DOES 26 through 50, and/or each of them, knew and/or reasonably should have known that Defendant officers Reed, Oelfke, Zook, Clark and DOES 1-25, and/or each of them, were either not trained or improperly trained in responding to individuals who were mentally impaired or disabled.

35. Despite having such notice, Plaintiffs are informed and believe and thereon allege that DOES 26-50, and/or each of them, failed to ensure that the Defendants were trained or properly trained in responding to individuals who were mentally impaired, resulting in the violation of the Plaintiffs' rights as alleged herein.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City officials, including high ranking City of Monterey Police Department supervisors, Defendants, DOES 26-50, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendments to the United States Constitution. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Violation of 42. U.S.C. section 12132)
### (Against all Defendants herein)

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this Complaint.

38. As against the Defendant City and DOES 26-50 in his/their capacity as official policy maker(s) for the City, Plaintiffs further allege that said defendants failed to train, supervise, and or

discipline Defendants Reed, and/or DOES 1-25, in recognizing symptoms of disability under title II of the Americans with Disabilities Act; from excluding qualified individuals such as Decedent DONALD MILLER II from participation in or denial of benefits of services provided by Defendant City, or in otherwise discriminating against such qualified individuals with symptoms of disability recognized under title II of the Americans with Disabilities act, resulting in the shooting of Decedent DONALD MILLER II during the course of the subject-incident and his resulting death.

39. At the time Defendant Officer Reed responded to 2020 Oliver Street in Monterey, Defendant Officer Reed was faced with no reasonable exigency when he drew and fired his service weapon. Said Defendant had no information, and no reasonable belief that anyone was in danger and was aware of Decedent's disability and the symptoms and manifestations of Decedent DONALD MILLER II's recognized disability. The aforementioned conduct of Defendant Officer Reed, and or DOES 1-25, excluded Decedent from participation in, denied Decedent the benefits of Defendant City's programs and activities, and/ or discriminated against Decedent.

40. The exclusion, denial of benefits, and/or discrimination against Decedent DONALD MILLER II was by reason of Decedent's recognized disability.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### **FIFTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §§ 377.60 and 377.61)**
**(Plaintiffs Donald Miller and Nadeen Miller against Defendants Reed, Oelfke, Zook, Clark, and DOES 1-25)**

41. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 40 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

42. Defendant City, by and through its agents and employees, the involved Defendant Officers' negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of Decedent DONALD MILLER II.

43. As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of decedent in an amount according to proof at trial.

44. As a further actual and proximate result of said defendant's negligence, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

45. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
**(Plaintiffs Donald Miller and Nadeen Miller against Defendants Reed, Oelfke, Zook, Clark, and DOES 1-25)**

46. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 45 of this Complaint.

47. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent DONALD MILLER II's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

48. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;
2. For punitive damages and exemplary damages in amounts to be determined according to proof;
3. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
4. For cost of suit herein incurred; and

5. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: November 17, 2016

/s/ John L. Burris
John L. Burris, Esq.
Attorney for Plaintiffs
DONALD MILLER and NADEEN MILLER